**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>INSYS THERAPEUTICS, INC., *et al.*,<br><br>                Liquidating Debtors. | Chapter 11<br><br>Case No. 19-11292 (JTD)<br><br>(Jointly Administered) |
| INSYS LIQUIDATION TRUST, by and through WILLIAM H. HENRICH, as LIQUIDATING TRUSTEE,<br><br>                Plaintiff,<br>    v.<br><br>JOHN N. KAPOOR,<br><br>                Defendant. | Adversary No. 21-50557-JTD |

**OBJECTIONS TO BANKRUPTCY COURT'S MEMORANDUM OPINION**

Pursuant to Rule 9033(b) of the Federal Rules of Bankruptcy Procedure, Dr. John N. Kapoor ("Dr. Kapoor") hereby objects to the Bankruptcy Court's August 17, 2023 Memorandum Opinion [D.I. 88] (the "Memorandum Opinion") proposing findings of fact and conclusions of law recommending that the Insys Liquidation Trust, by and through William H. Henrich, as Liquidating Trustee's (the "Trustee") Motion for Partial Summary Judgment be granted.

**PRELIMINARY STATEMENT**

The Trustee brought this action seeking to recoup more than $6 million in legal fees that were advanced by Insys Therapeutics, Inc. ("Insys") to Dr. Kapoor's attorneys and vendors for work related to legal actions that Dr. Kapoor faced in connection with his role at Insys. The Trustee moved for partial summary judgment on his claim for recoupment, arguing that Dr. Kapoor's criminal conviction in *United States v. Babich et al.*, No. 1:16-cr-103430-ADB (D. Mass.) (the

1

"Criminal Action") provided conclusive proof that Dr. Kapoor is not entitled to indemnification for those legal fees [D.I. 42]. However, as explained in Dr. Kapoor's Opposition [D.I. 62], the facts here are not as clear as the Trustee claimed. Significantly, the law firms and vendors who received payments subject to the action performed substantial work for Dr. Kapoor unrelated to the single charge upon which Dr. Kapoor was eventually convicted.

*First*, Dr. Kapoor was initially indicted in October 2017, nearly one year after other Insys executives had been indicted. That indictment (the "First Superseding Indictment") included charges for mail fraud conspiracy, wire fraud conspiracy, conspiracy to violate the Anti-Kickback statute, and racketeering conspiracy with predicates including mail fraud, wire fraud, honest services mail and wire fraud, violations of the Travel Act, and violations of the Controlled Substances Act. *See United States v. Babich et al.*, No. 1:16-cr-103430-ADB (D. Mass.), D.I. 183. Then, in September 2018, the government issued a new indictment (the "Second Superseding Indictment") which dropped many of the earlier charges, and brought only a single count: racketeering conspiracy with predicates including mail fraud, wire fraud, honest services mail and wire fraud, and violations of the Controlled Substances Act. *Id.* at D.I. 419. Therefore, Dr. Kapoor is entitled to indemnification for the legal work done in relation to those dropped charges.

*Second*, the law firms' invoices demonstrate that attorneys were performing work related to separate, civil matters in addition to the criminal action, which would be expenses subject to indemnification. Therefore, Dr. Kapoor is entitled to indemnification for both the legal work performed in relation to dropped charges, and that work performed on separate, civil matters.

Despite Dr. Kapoor's demonstration that he is entitled to partial indemnification, or at the very least, that a material question of fact exists, the Bankruptcy Court nevertheless adopted the Trustee's argument and recommended granting the motion for partial summary judgment. To reach

2

this conclusion, the court made two significant errors: (1) the Bankruptcy Court erroneously found that the elimination of charges in a superseding indictment is not a partial success for which Dr. Kapoor is entitled to indemnification; and (2) the Bankruptcy Court impermissibly drew inferences in the Trustee's favor in order to resolve genuine disputes of material fact. Thus, Dr. Kapoor respectfully requests that this Court reject the Bankruptcy Court's proposed findings of fact and conclusions of law, and deny the Trustee's motion for partial summary judgment.

## STANDARD OF REVIEW

When a written objection has been made in accordance with Rule 9033(b), "[t]he district judge shall make a *de novo* review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law" to which an objection has been made. Fed. R. Bankr. P. 9033(d). The district judge may "accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." *Id.*

## OBJECTIONS

**I.    Dr. Kapoor Objects to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law that Dr. Kapoor Did Not Achieve Any Success in the Criminal Action (Memorandum Opinion p. 6–9).**

In the Memorandum Opinion, the Bankruptcy Court erroneously concluded that Dr. Kapoor is not entitled to any indemnification for legal work related to the Criminal Action because Dr. Kapoor was ultimately convicted of a single charge. According to the Bankruptcy Court, the fact that Dr. Kapoor was convicted on an indictment containing fewer charges than in the original indictment was not a "success" entitling Dr. Kapoor to indemnification notwithstanding the *numerous* charges that were included in the original indictment and later dropped. Dr. Kapoor respectfully disagrees and objects to the Bankruptcy Court's proposed findings of fact and conclusions of law on this issue.

> The Delaware statute governing indemnification of corporate officers, 8 Del. C. § 145:
>
> [S]ets two boundaries for indemnification: The statute *requires* a corporation to indemnify a person who was made a party to a proceeding by reason of his service to the corporation and has **achieved success on the merits or otherwise** in that proceeding. At the other end of the spectrum, the statute *prohibits* a corporation from indemnifying a corporate official who was not successful in the underlying proceeding and has acted, essentially, in bad faith."

*Hermelin v. K-V Pharm. Co.*, 54 A.3d 1093, 1094-95 (Del. Ch. 2012) (emphasis added). At issue here is what it means to "achieve success" in an underlying proceeding.

Delaware courts have taken a broad view of "success." In *Merritt-Chapman & Scott Corp. v. Wolfson*, for example, the court stated that "[i]n a criminal action, **any result other than conviction must be considered success.**" 321 A.2d 138, 141 (Del. Super. 1974) (emphasis added). There, the court rejected a company's argument that the claimant was entitled to indemnification only for charges on which he was acquitted, and found that the claimant was also entitled to indemnification for charges that had been dropped as part of a plea agreement. *Id.* The court emphasized that the statute "does not require complete success."

Dr. Kapoor was first indicted on October 26, 2017, on charges of mail fraud conspiracy, wire fraud conspiracy, conspiracy to violate the Anti-Kickback statute, and racketeering conspiracy with predicates including mail fraud, wire fraud, honest services mail and wire fraud, violations of the Travel Act, and violations of the Controlled Substances Act. *See United States v. Babich et al.*, No. 1:16-cr-103430-ADB (D. Mass.), D.I. 183. Nearly a year later, on September 11, 2018, the government issued a superseding indictment bringing only *one* charge: racketeering conspiracy with predicates including mail fraud, wire fraud, honest services mail and wire fraud, and violations of the Controlled Substances Act. *Id.* at D.I. 419. Significantly, all charges other than the racketeering conspiracy count were dropped, and the Travel Act violation was dropped as a predicate to the racketeering conspiracy. The fact that those charges were dropped constitutes a

4

"success" for which Dr. Kapoor is entitled to indemnification.

The Bankruptcy Court attempted to distinguish the facts of Dr. Kapoor's case from those in *Merritt* on two bases: (1) that Dr. Kapoor was convicted on the sole charge in the indictment on which he was tried; and (2) that to look at the original indictment asks the court to look "beyond the result of the Criminal Action into the circumstances of how it came to be." D.I. 86 at 7. Both of those grounds are erroneous.

*First*, the fact that Dr. Kapoor was ultimately convicted on a single-count indictment does not render him unsuccessful in the entire action. That the government brought a superseding indictment dropping multiple charges, as well as underlying predicate acts, is determinative. Dr. Kapoor "escape[d] from an adverse judgment" on those earlier indicted charges. This fits squarely within courts' interpretations of "success" under the Delaware indemnification statute. *See Waltuch v. Conticommodity Servs., Inc.*, 88 F.3d 87, 96 (2d Cir. 1996) ("'success'" under § 145(c), does not mean moral exoneration. Escape from an adverse judgment or other detriment, **for whatever reason**, is determinative." (emphasis added)); *see also Merritt*, 321 A.2d at 141 ("**any result other than conviction** must be considered success" (emphasis added)).

There is no logical reason for treating a charge dropped through superseding indictment, as happened here, any differently than a charge dropped through plea agreement, as happened in *Merritt*, and which the court considered a "success." Neither constitutes "exoneration," but both are a "result other than conviction" for which the defendant "escape[s] from an adverse judgment."

*Second*, the Bankruptcy Court was incorrect that asking the court to look at the original indictment would require the court to look "beyond the result of the Criminal Action into the circumstances of how it came be." It is true that "the only question a court may ask is what the result was, not why it was." *Waltuch*, 88 F.3d at 96. But looking to prior indictments is not part

5

of the "why" that courts are prohibited from considering. That instruction is intended to preclude courts from delving into and relitigating the underlying facts of an action, instead of focusing on the results. *See Horne v. OptimisCorp*, No. 12268-VCS, 2017 WL 838814, at *3 (Del. Ch. Mar. 3, 2017) (when considering "success," "it is neither fair nor efficient for the Court to facilitate prolonged and expensive discovery into the facts of the underlying litigation or to revisit the reasons for the results achieved there"); *Brown v. Rite Aid Corp.*, No. 2017-0480-MTZ, 2019 WL 2244738, at *6 (Del. Ch. May 24, 2019) (looking "strictly at the outcome of the underlying action. . . . avoids, where possible, prolonged and expensive discovery into the facts behind a particular dismissal, settlement, or plea").

The fact that several of the charges originally brought against Dr. Kapoor were dropped in a superseding indictment is itself part of the *result*. It is not up to the court to ask *why* the charges were dropped; only *that* they were dropped. The law is clear: **any result** other than conviction is considered success. Thus, having charges dropped in a superseding indictment—a result other than conviction—must be considered success. Indeed, had only one count been pursued in the original indictment it would have resulted in fewer professional fees associated with Dr. Kapoor's initial defense and legal strategy.

For these reasons, the Bankruptcy Court erred in its findings and conclusions at Memorandum Opinion p. 6–9 that having charges dropped in a superseding indictment was not a "success" for which Dr. Kapoor is entitled to indemnification, and this Court should reject those findings and conclusions.

## II. Dr. Kapoor Objects to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law that the Law Firms Only Worked on Matters Related to the Criminal Action (Memorandum Opinion p. 9–11).

In the Memorandum Opinion, the Bankruptcy Court concluded that the evidence Dr. Kapoor put forth demonstrating that the law firms worked on matters other than the Criminal

Action did not "have the significance Kapoor assigns to them" to establish a genuine issue of material fact. Dr. Kapoor respectfully objects to this conclusion. It was improper for the Bankruptcy Court to weigh the evidence and make inferences which are functions that should be left to a jury.

On summary judgment, all inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."); *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016) ("In reviewing a grant of summary judgment, we view the evidence and all justifiable inferences to be drawn therefrom in the light most favorable to the non-moving party."). Further, any "[d]isputes over genuine issues of material fact are not for the [court] to resolve at the summary judgment stage." *Chatman v. City of Johnstown, PA.*, 131 F. App'x 18, 20 (3d Cir. 2005). *See also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) ("[I]f there are disputes over genuine issues of material fact, they are for the jury to resolve[.]").

Here, the Bankruptcy Court stepped into the shoes of the jury to resolve disputed facts, and in doing so, drew inferences in the Trustee's favor despite its status as the movant on its own motion for partial summary judgment. The Bankruptcy Court gave little-to-no weight to the multiple entries on the law firms' invoices demonstrating counsel's work on matters other than the Criminal Action. The Bankruptcy Court reasoned that "[i]t is not at all unusual in substantial matters involving large corporations and multiple simultaneous lawsuits for counsel in one matter to communicate with or even strategize with counsel working on related matters ... for purposes of informing how to best represent their client. Unless the law firm has been engaged to represent

7

the client in multiple matters, such work is properly considered part and parcel of a single matter." D.I. 86 at 10.

As an initial matter, the Bankruptcy Court's characterization of the law firms' work as "communicat[ing] with or ... strategiz[ing] with counsel working on related matters" is simply incorrect. Dr. Kapoor identified not only invoice entries in which counsel were communicating or strategizing with counsel working on other matters, but entries in which counsel were working on those matters *themselves*. *See, e.g.*, Knights Aff., D.I. 63, Ex. 8 (Paul Weiss invoices containing narratives such as "Review of letter to NJ Division of Consumer Affairs"; "Order to show cause regarding NJ matter"; "Finding public documents for Illinois AG suit"); Ex. 4 (Ropes & Gray invoices containing narratives such as "edit memo discussing ... N.J. civil case"). To conclude that these entries showed only that the law firms were communicating or strategizing with *other* counsel working on civil cases, the Bankruptcy Court had to impermissibly draw inferences in the Trustee's favor.

Further, the Bankruptcy Court gave great weight to the law firms' engagement letters with Dr. Kapoor stating that the law firms were retained to represent Dr. Kapoor in connection with the Criminal Action. But it is not unusual for law firms to perform additional work for existing clients without executing a separate engagement letter; especially when that existing client suddenly finds himself facing a new lawsuit or investigation which may have similar or overlapping facts and circumstances. To reach its contrary conclusion, the Bankruptcy Court once again drew inferences in favor of the Trustee, and gave little weight to the time entries identified by Dr. Kapoor. This type of evidence-weighing and inference-drawing is a job for the jury, not the court. Dr. Kapoor presented sufficient evidence to show that the Trustee failed to meet its burden, and that a genuine issue of material fact exists regarding the subject-matter of the work performed by the law firms

8

for which Insys advanced fees.

For these reasons, the Bankruptcy Court's findings and conclusions at Memorandum Opinion p. 9–11 that the law firms performed work only related to the Criminal Action, and that Dr. Kapoor is not entitled to indemnification for any of that work, was in error, and this Court should reject those findings and conclusions.

**III.    Dr. Kapoor Objects to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law Regarding Fees Incurred Prior to the Second Superseding Indictment (Memorandum Opinion p. 11).**

Finally, the Bankruptcy Court concluded that Dr. Kapoor "submitted no evidence in support of his argument that the Trustee cannot recoup fees incurred prior to the Second Superseding Indictment." D.I. 86 at 11. Dr. Kapoor made no such argument. Instead, he argued that work performed prior to the Second Superseding Indictment necessarily involved work related to the charges from the First Superseding Indictment that were ultimately dropped, and therefore, for the reasons explained in Section I, Dr. Kapoor is entitled to at least partial indemnification for that work. Thus, the Bankruptcy Court's findings and conclusions at Memorandum Opinion p. 11 that Dr. Kapoor "submitted no evidence in support of his argument that the Trustee cannot recoup fees incurred prior to the Second Superseding Indictment" should be rejected.

## CONCLUSION

For the reasons explained above, Dr. Kapoor objects to the Bankruptcy Court's proposed findings and conclusions in its Memorandum Opinion. Dr. Kapoor respectfully requests that this Court reject the Bankruptcy Court's proposed findings and conclusions, and deny the Trustee's Motion for Partial Summary Judgment.

[Signature on next page.]

Dated:  September 14, 2023				Respectfully submitted,

					**BERGER HARRIS LLP**

					*/s/  Peter C. McGivney*
					Michael W. McDermott (No. 4434)
					Peter C. McGivney (No. 5779)
					1105 N. Market Street, 11th Floor
					Wilmington, DE 19801
					T: (302) 655-1140
					mmcdermott@bergerharris.com
					pmcgivney@bergerharris.com

					-and-

					**NIXON PEABODY LLP**
					Richard C. Pedone (admitted *pro hac vice*)
					Brian T. Kelly, Esq. (admitted *pro hac vice*)
					Exchange Place
					53 State Street
					Boston, MA 02109
					T:  (617) 345-1000
					rpedone@nixonpeabody.com
					bkelly@nixonpeabody.com


					*Counsel to John N. Kapoor*

## **CERTIFICATE OF SERVICE**

I, Peter C. McGivney, hereby certify that on this day, September 14, 2023, the foregoing document was filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Peter C. McGivney*
Peter C. McGivney